### 23551

The STATE, Respondent v. Albert Williams HOYTE,
a/k/a Hortany Harrison Jones, Appellant.

(413 S.E. (2d) 806)

Supreme Court

*David I. Bruck,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Dec. 2, 1991.

Decided Jan. 6, 1992.

TOAL, Justice:

Appellant appeals his conviction for distribution of crack cocaine. The sole issue presented on appeal is whether the

courtroom identification of appellant should have been suppressed under *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed (2d) 1149 (1967). We reverse and remand for a new trial.

## FACTS

An officer of the South Carolina Law Enforcement Division (SLED) operated as an undercover narcotics agent in Williamsburg County from January 31, 1990 until April 25, 1990. On three occasions in February and March of 1990, the SLED officer purchased crack cocaine from a man that she knew only as "Glasses." On April 29, 1990, a warrant was issued for the arrest of "Glasses" a/k/a Hortany Harrison Jones. The name "Hortany Harrison Jones" was supplied by a Williamsburg County Deputy Sheriff's officer, who was not present when the SLED officer purchased crack cocaine from "Glasses." On June 26, 1990, the Williamsburg County Sheriff's Department arrested appellant on that warrant. Appellant admits going by the name of Hortany Harrison Jones but denies that he has ever been known by the name of "Glasses."

After appellant's arrest, he was housed at the Williamsburg County jail. He was appointed counsel on June 29, 1990. On September 3, 1990, the assistant Williamsburg County solicitor had the jailer deliver appellant to a room in the Williamsburg County Courthouse. The only persons present were appellant, the assistant solicitor and the SLED officer. Neither appellant nor appointed counsel were given prior notice of the meeting.

At trial, appellant moved to suppress the in-court identification of the SLED officer. An *in camera* hearing was held and appellant's motion was denied.

## LAW/ANALYSIS

In *United Sates v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. (2d) 1149 (1967), the Court held that a lineup identification, after indictment, is a critical stage in the proceedings against the defendant to which the Sixth Amendment right to counsel attaches. In the *Wade* case, the defendant was subjected to a lineup without notice to appointed counsel. In the case at bar, there was no lineup; it was a one-man show-up without notice to appointed counsel. While

show-ups have been upheld by the Court, these situations usually involve either extenuating circumstances or are very close in time to the crime. *See e.g., Stovall v. Denno,* 388 U.S. 293, 87 S. Ct. 1967, 18 L. Ed. (2d) 1199 (1967). The show-up here occurred over five and one-half months after the last incident involving "Glasses" and over two months after appellant had been appointed counsel. There are no facts on the record which indicate any reason why appellant's counsel could not have been notified of the meeting.

The appellant here was faced with the greatest possible obstacle, attacking the credibility of the SLED officer's courtroom identification. Simply put, it was the SLED officer's word against his. The secret meeting of the assistant solicitor, the only witness to the crime and the accused leaves a "gap in our knowledge as to what in fact" went on. *Wade,* 388 U.S. at 230, 87 S. Ct. at 1934, 18 L. Ed. (2d) at 1159 (quoting *Miranda v. State of Arizona,* 384 U.S. 436, 448, 86 S. Ct. 1602, 1614, 16 L. Ed. 694 (1966).

Once appellant motioned to suppress the SLED officer's courtroom identification, the trial judge properly held an *in camera* hearing, as required by *Wade,* to determine the reliability of the officer's identification. The SLED officer testified that the purpose of the meeting was not for identification, but to "explain the charges" to appellant. We find this testimony incredible in light of the fact that appellant had an appointed attorney. To accept the SLED officer's testimony would be to assume that appellant had been incarcerated for nearly four months in the Williamsburg County jail without understanding why.

Appellant steadfastly insists that he is not "Glasses" and that the first time he saw the SLED officer was in the meeting with her and the assistant solicitor. Further, appellant produced witnesses who testified that he was not in South Carolina when the officer purchased the crack cocaine from "Glasses." The officer was the only person who could identify appellant as "Glasses." The officer saw "Glasses" on three occasions nearly six months before the show-up. Each meeting with "Glasses" lasted for only a few minutes. Finally, the officer had been a SLED agent for nineteen months at the time of trial and, during that period of time, she had worked on one hundred cases. Thus, the only reasonable inference from the

record before us is that the officer and the assistant solicitor arranged the secret meeting with appellant so that she would be able to identify appellant as "Glasses" in court.

By denying appellant his Sixth Amendment right to counsel, the assistant solicitor and the SLED officer created precisely the situation which the *Wade* court sought to avoid. The presence of counsel would have been appellant's only means to attack the officer's unequivocal courtroom identification. Appellant was convicted solely on the testimony of the officer that appellant was "Glasses." The secrecy of the confrontation, coupled with the fact that it created a situation where there would be only appellant's word against that of an identifying SLED agent, was so seriously unfair as to deny appellant his right to a fair trial.

We hold, under these facts, that appellant's Sixth Amendment right to counsel was violated by the one-man show-up arranged by the assistant solicitor. Further, in light of a totality of the circumstances, the SLED officer's courtroom identification of appellant as "Glasses" should have been suppressed. We reverse and remand for a new trial.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.