THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
 Tavo Terrell Glenn,       
Appellant.
 
 
 

Appeal From Cherokee County
Gary E. Clary, Circuit Court Judge

Unpublished Opinion No. 2003-UP-515
Submitted May 30, 2003  Filed August 
 27, 2003

AFFIRMED

 
 
 
Senior Assistant Appellate Defender Tara S. Taggart, 
 of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh and Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:    Tavo Terrell Glenn was convicted 
 of armed robbery and carrying a pistol.  The trial judge sentenced him to thirty 
 years for armed robbery and one year, concurrent, for carrying a pistol.  We 
 affirm. [1] 
FACTS
On October 5, 2001, an Alltel Communications store 
 was robbed between 4:00 pm  4:15 pm.  The robber approached the store backwards.  
 As he came into the store, he turned and faced the two employees who were 
 the only occupants in the store and pulled a mask down over his face.  He drew 
 a gun and demanded money.  He threw a plastic bag on the floor and told Brandi 
 Childers-Crane to put the money from her register in the bag.  He was standing 
 about a foot away from her on the other side of the counter.  She filled the 
 bag with money from her register, while he asked April Daves to open the safe.  
 Nothing was in the safe.  He demanded for Daves to open the second register.  
 She could not find her keys.  The robber placed his gun to the back of Daves 
 head and told her to find the keys or he would shoot her.  After Daves was unsuccessful 
 in finding her keys, he took the women to the back of the store and told them 
 to lie down.  The robber then left the store with the plastic bag of money.  
 He had been in the store for approximately ten to fifteen minutes.
Daves called 911.  Officer Chris Jones was the 
 first to respond.  The women described the robber as a thin black male wearing 
 a royal blue shirt with writing across the front and dark trousers.  Jones radioed 
 the information to the dispatchers to relay to all the patrols.  About twenty 
 to thirty minutes later, Glenn, who was apprehended during a high-speed chase 
 after pulling in front of an officer, was brought to the parking lot of the 
 Alltel store.  Daves and Childers-Crane, who were inside the store, viewed Glenn 
 from behind the officers in the store.  They identified Glenn as the robber.
Glenn moved to suppress the out-of-court identification 
 at trial.  Childers-Crane asserted she had no doubt that Glenn was the individual 
 who robbed the store.  She said, he was wearing the same clothes he had on 
 and he has a veryhis cheekbones showed through the mask.  I mean, it was a 
 tight mask and thats what I noticed.  Daves declared she knew that was him.  
 She professed it was Glenn because she had seen the side of the robbers face, 
 his high cheekbones were noticeable through the tight mask, and Glenn was wearing 
 the same clothing that the robber wore.
LAW/ANALYSIS
Glenn contends his single person show-up was unduly 
 suggestive and conducive to irreparable identification.  We disagree.

 The admissibility of evidence is within the sound discretion 
 of the trial judge.  State v. Patterson, 337 S.C. 215, 522 S.E.2d 845 
 (Ct. App. 1999).  Accordingly, evidentiary rulings of the trial court will not 
 be reversed on appeal absent an abuse of discretion or the commission of legal 
 error which results in prejudice to the defendant.  Id.
A criminal defendant may be deprived of due process of law 
 by an identification procedure that is unnecessarily suggestive and conducive 
 to irreparable mistaken identification.  Stovall v. Denno, 388 U.S. 293, 
 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Patterson,  supra.  Identifications 
 resulting from single person show-ups have been upheld by the United States 
 Supreme Court and our Supreme Court.  While a showup in which a witness views 
 a single suspect is generally suggestive, and hence suspect or disfavored, and 
 less preferable than a lineup, even if requested by accused, a showup may be 
 proper in some circumstances.  22A C.J.S. Criminal Law § 803 (1989)(footnotes 
 omitted).
 [A] showup may be proper where it occurs shortly 
 after the alleged crime, near the scene of the crime, as the witness memory 
 is still fresh, and the suspect has not had time to alter his looks or dispose 
 of evidence, and the showup may expedite the release of innocent suspects, and 
 enable the police to determine whether to continue searching.  22A C.J.S. Criminal 
 Law § 803 (footnotes omitted).  The closer in time and place to the scene 
 of the crime, the less objectionable is a showup.  Id.  A showup may 
 be proper even though the police refer to the suspect as a suspect, and even 
 though the suspect is handcuffed or is in the presence of the police . . . .  
 Id. (footnotes omitted).  While show-ups have been upheld by the Court, 
 these situations usually involve either extenuating circumstances or are very 
 close in time to the crime.  State v. Hoyte, 306 S.C. 561, 562-63, 413 
 S.E.2d 806, 807 (1992).

State v. Mansfield, 343 S.C. 66, 77-78, 538 
 S.E.2d 257, 263 (Ct. App. 2000).
The central question is whether under the totality 
 of the circumstances the identification was reliable even though the confrontation 
 procedure was suggestive.  State v. Stewart, 275 S.C. 447, 450, 272 S.E.2d 
 628, 629 (2000).  The factors considered in determining the likelihood of misidentification 
 include the opportunity of the witness to view the criminal at the time of the 
 crime, the witness's degree of attention, the accuracy of the witness's prior 
 description of the criminal, the level of certainty demonstrated at the confrontation 
 and the time between the crime and the confrontation.  Id. (citing Neil 
 v. Biggers, 409 U.S. 188, 93 S.Ct. 375 (1972)).
The identification of Glenn was reliable under the 
 totality of the circumstances.  Daves and Childers-Crane viewed the side of 
 the robbers face before he pulled down his mask.  During the robbery, the women 
 still noticed his high cheekbones under the mask.  The robber was only a few 
 feet away from the women during the ten to fifteen minutes he was in the store.   
 Additionally, the women were victims of the crime.  A victim is presumed to 
 maintain a higher degree of attention than a mere bystander.  State v. Moore, 
 343 S.C. 282, 290 n.6, 540 S.E.2d 445, 449 n.6 (2000).  Furthermore, there was 
 no discrepancy between the description the women gave to Jones and the appearance 
 of Glenn.  Moreover, the women both testified at trial that they were certain 
 Glenn was the robber.  Finally, the time between the crime and confrontation 
 was only twenty to thirty minutes.
CONCLUSION
We hold the pre-trial identification of Glenn was 
 reliable under the totality of the circumstances.  The trial judge, therefore, 
 did not err in allowing the out-of-court identification into evidence.
AFFIRMED.
HEARN, C.J., CONNOR and ANDERSON, JJ., concur.

 
 
 [1] This case was decided without oral argument pursuant to Rule 215, 
 SCACR.